1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSEMARY N. CHUKWUDEBE,                    No. C-13-5466 EMC

        Plaintiff,

    v.                                    **ORDER GRANTING DEFENDANT'S
                                          MOTION TO DISMISS; AND DENYING**
PONSGRI LU, *et al.*,                      **PLAINTIFF'S MOTION TO CONTINUE**

        Defendants.                       **(Docket Nos. 6, 11)**
_____/

      Plaintiff Rosemary N. Chukwudebe has filed suit against twenty-four different defendants,
including but not limited to Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells
Fargo").  While Ms. Chukwudebe's complaint is far from a model of clarity, the thrust of the
pleading seems to be that certain real property that she had an ownership interest in was wrongfully
foreclosed.  Currently pending before the Court is Wells Fargo's motion to dismiss.  Having
considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** the
motion but shall give Ms. Chukwudebe leave to amend, as provided below.  The Court also
**DENIES** Ms. Chukwudebe's motion to continue.  The hearing on February 6, 2014, is **VACATED**.

## I.    DISCUSSION

A.    <u>Ms. Chukwudebe's Motion to Continue</u>

      As a preliminary matter, the Court acknowledges that Ms. Chukwudebe did not file an
opposition to Wells Fargo's motion.  Instead, she filed a motion to continue.  *See* Docket No. 11
(motion).  Like her complaint, Ms. Chukwudebe's motion to continue is difficult to decipher.
However, she appears to be making three main arguments: (1) that she should not be obligated to

United States District Court
For the Northern District of California

1    file an opposition to the motion to dismiss until after Wells Fargo answers her complaint; (2) that

2    she needs discovery in order to oppose the motion to dismiss; and (3) that she needs to hire an

3    attorney to represent her who can then file an opposition to the motion to dismiss.

4         The first argument is without merit.  Under Federal Rule of Civil Procedure 12, Wells Fargo

5    is entitled to file a motion to dismiss in lieu of an answer; only if the motion to dismiss is denied

6    would Wells Fargo then be obligated to file an answer.  *See* Fed. R. Civ. P. 12(a)(4) (providing that

7    "serving a motion under this rule alters [time] periods" – *e.g.*, "if the court denies the motion . . . ,

8    the responsive pleading must be served within 14 days after notice of the court's action").

9         As for the second argument, it too is lacking in merit.  While a party may need to obtain

10   discovery in order to oppose a motion for summary judgment, currently pending before the Court is

11   a motion to dismiss under Rule 12.  In evaluating such a motion, the Court considers only the

12   allegations in the complaint (as well as any judicially noticeable documents[1]).  *See Americopters,*

13   *LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (indicating that, for a Rule 12(b)(6) motion, a

14   district court is "confined by the facts contained in the four corners of the complaint"); *Wolcott v.*

15   *Meuller*, No. 12cv1282-GPC-BLM, 2013 U.S. Dist. LEXIS 179177, at *8 (S.D. Cal. Dec. 20, 2013)

16   (noting that "[a] motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) is ordinarily

17   'addressed to the four corners of the complaint without consideration of other documents or facts

18   outside of the complaint'").  Furthermore, Ms. Chukwudebe has failed to explain why she needs to

19   obtain any discovery in order to overcome Wells Fargo's argument that her claims against it are

20   barred by the doctrine of res judicata.

21        Finally, with respect to the third argument, the Court is not without some sympathy for Ms.

22   Chukwudebe.  However, the Court concludes that, under the circumstances, it makes more sense for

---

[1] *See Harris v. Amgen, Inc.*, No. 10-56014, 2013 U.S. App. LEXIS 21503, at *20 (9th Cir. Oct. 13, 2013) (noting that, on a 12(b)(6) motion, a court should consider not only the complaint in its entirety but also, *e.g.*, documents incorporated into the complaint by reference and matters of which a court may take judicial notice).

United States District Court

For the Northern District of California

1   the Court to rule on the motion to dismiss but then give Ms. Chukwudebe an opportunity to amend

2   her complaint, with some time to see if she can locate counsel to assist her on the amendment.[2]

3   B.   Legal Standard

4        Wells Fargo's motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule

5   12(b)(6) allows for dismissal based on a failure to state a claim for relief.  A motion to dismiss based

6   on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. v.*

7   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all

8   allegations of material fact as true and construe them in the light most favorable to the nonmoving

9   party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a

10  Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a

11  complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a

12  claim to relief that is plausible on its face.'"  *Id.*  "A claim has facial plausibility when the plaintiff

13  pleads factual content that allows the court to draw the reasonable inference that the defendant is

14  liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl.*

15  *Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability

16  requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."  *Iqbal*,

17  129 S. Ct. at 1949.

18  C.   Failure to State a Claim for Relief

19       In its motion, Wells Fargo makes two arguments: (1) that Ms. Chukwudebe has failed to

20  state a claim for relief and (2) that, even if her claims were properly pled, they are barred by the

21  doctrine of res judicata.

22       As to the first argument, the Court agrees with Wells Fargo that, to the extent Ms.

23  Chukwudebe asserts that Wells Fargo's wrongdoing was a failure to comply with California Civil

24  Code § 2923.5, she has failed to state a claim for relief.  This is because, even if a defendant has

25

26      [2] To the extent Ms. Chukwudebe has moved in the alternative for a stay of proceedings, that
27  request for relief is also denied.  Ms. Chukwudebe has relied on Federal Rule of Civil Procedure
    7(b) and Federal Rule of Appellate Procedure 8(a)(2), neither of which are applicable.  *See* Fed. R.
28  Civ. P 7(b) (providing that a request for a court order must be made by motion); Fed. R. App. P.
    8(a)(2) (addressing requests for a stay pending appeal).

United States District Court

For the Northern District of California

1   violated § 2923.5, the only relief a plaintiff can obtain is a postponement of an impending

2   foreclosure (*i.e.*, "to permit the lender to comply with [§] 2923.5"), *Mabry v. Superior Court*, 185

3   Cal. App. 4th 208, 214 (2010), and, in the instant case, there is no dispute that the foreclosure sale

4   regarding the real property at issue has already taken place.

5           However, the Court does not agree with Wells Fargo's suggestion that the only specific

6   wrongdoing identified in the complaint is a purported failure to comply with § 2923.5.  Although it

7   is difficult to decipher the complaint, particularly as Ms. Chukwudebe has often "lumped together"

8   the various defendants, *see Yost v. Nationstar Mortg.*, No. 1:13-cv-00745-AWI-SAB, 2013 U.S.

9   Dist. LEXIS 128504, at *7-8 (E.D. Cal. Sept. 9, 2013) (stating that "[a] plaintiff suing multiple

10  defendants 'must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil

11  Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on

12  sufficient notice of the allegations against them'"; adding that, "[u]nder the pleading standard of

13  either Rule 8 or Rule 9, Plaintiffs must distinguish Defendants' particular roles in the alleged causes

14  of action"), it seems fair to construe the complaint as suggesting that Wells Fargo (more specifically,

15  its predecessor) engaged in wrongdoing such as predatory lending and/or fraudulent representations.

16          Accordingly, the Court grants Wells Fargo's motion to dismiss to the extent Ms.

17  Chukwudebe's claims are based on Wells Fargo's (more specifically, its predecessor's) failure to

18  comply with § 2923.5.  However, as Ms. Chukwudebe's claims are based on additional alleged

19  wrongdoing by Wells Fargo (or its predecessor), the Court must now turn to Wells Fargo's argument

20  that any such claims would be barred by the doctrine of res judicata.

21  D.      Res Judicata

22          "The doctrine of *res judicata* provides that a final judgment on the merits bars further claims

23  by parties or their privies based on the same cause of action."  *Tahoe-Sierra Pres. Council, Inc. v.

24  Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks

25  omitted).  The doctrine "is meant to protect parties against being harassed by repetitive actions."  *Id.*

26  (internal quotation marks omitted).  Wells Fargo contends that res judicata is applicable here

27  because Ms. Chukwudebe previously brought suit against it (in state court with the case then being

28  removed to bankruptcy court as an adversary proceeding after Ms. Chukwudebe filed for

United States District Court

For the Northern District of California

1  bankruptcy), in which she similarly challenged Wells Fargo's (or its predecessor's) authority to

2  foreclose, but the bankruptcy court found in Wells Fargo's favor in May and July 2013. *See* Docket

3  No. 7-2 (RJN, Exs. I-J) (bankruptcy court orders dismissing all claims asserted in the third amended

4  complaint against Wells Fargo); *see also* Docket No. 7-2 (RJN, Ex. H) (docket sheet reflecting

5  closure of adversary proceeding in July 2013).

6          The Court agrees with Wells Fargo that res judicata is a bar to Ms. Chukwudebe's claims in

7  the instant case.  Under Ninth Circuit law, "[r]es judicata is applicable whenever there is (1) an

8  identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra*

9  *Pres. Council*, 322 F.3d at 1077.  The second and third factors are easily met here.  The adversary

10  proceeding was resolved in July 2013, *see* Docket No. 7-2 (RJN, Ex. H) (docket sheet reflecting

11  closure of adversary proceeding in July 2013); *see also Allen Group Ptrs. v. Golden (In re Eisen)*,

12  460 Fed. Appx. 681, 681 (9th Cir. 2011) (stating that "[a] judgment in an adversary proceeding in a

13  bankruptcy case is a valid final judgment for the purposes of claim and issue preclusion"), and, in

14  both the adversary proceeding and the instant case, Ms. Chukwudebe and Wells Fargo are parties.

15  As to the first factor, the Ninth Circuit has explained that "[i]dentity of claims exists when two suits

16  arise from the same transactional nucleus of facts.  Newly articulated claims based on the same

17  nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in

18  the earlier action." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078 (internal quotation marks

19  omitted).  Here, there is identity of claims because, in both cases, Ms. Chukwudebe is challenging

20  Wells Fargo's authority to foreclose.

21          Thus, as a facial matter, res judicata is a bar to Ms. Chukwudebe's claims against Wells

22  Fargo in the instant case.  Furthermore, nothing in Ms. Chukwudebe's papers has suggested that

23  there is a reason why res judicata should not apply. *See, e.g., E.& J. Gallo Winery v. Gallo Cattle*

24  *Co.*, 967 F.2d 1280, 1287-88 (9th Cir. 1992) (indicating that res judicata may be avoided where

25  there is *extrinsic* fraud, and not intrinsic fraud; "[e]xtrinsic fraud essentially entails preventing a

26  party 'from presenting all of his case to the court,' as opposed to defrauding the party with respect to

27  the substantive rights being adjudicated at a proceeding"); *see also Portnoy v. US Bank NA*, No. S-

28  06-2375 LKK GGH PS, 2007 U.S. Dist. LEXIS 88599, at *8 (E.D. Cal. Nov. 30, 2007) (stating that,

"[i]f a party was kept ignorant of a lawsuit, induced not to appear, where a claim or defense was concealed from a party, or where a judgment was obtained against a party through coercion or duress, extrinsic fraud may be established[;] [c]onversely, intrinsic fraud goes to the merits of the original action such as where perjury or altered or forged documents were used").

The Court acknowledges that Ms. Chukwudebe's complaint does assert that there was a conspiracy to deprive her of her rights. But it is not clear from the complaint which defendants were a part of the alleged conspiracy and whether Ms. Chukwudebe is contending that the judgment in the adversary proceeding was fraudulently obtained because of the conspiracy. Moreover, Ms. Chukwudebe has largely made conclusory allegations of a conspiracy without pleading any facts to support her claim that there was a conspiracy among some or all of the defendants.

The Court, therefore, concludes that res judicata is a facial bar to Ms. Chukwudebe's claims against Wells Fargo such that dismissal of all claims against Wells Fargo is appropriate. However, the Court shall give Ms. Chukwudebe an opportunity to amend her complaint *if* she can, in good faith, allege facts establishing that res judicata is not applicable. The Court shall afford Ms. Chukwudebe an extended amount of time to file an amended complaint so that she can seek the assistance of counsel or find an attorney to represent her.

The Court advises Ms. Chukwudebe that, even if she is not able to find an attorney to assist or represent her, she must still file and serve an amended complaint within the time frame identified below. The Court further advises Ms. Chukwudebe that, under Federal Rule of Civil Procedure 8(a)(2), her amended complaint need only contain "a *short and plain* statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Of course, this does not mean that Ms. Chukwudebe should allege facts in a conclusory fashion. As noted above, under *Twombly* and *Iqbal*, "a complaint need not contain *detailed* factual allegations [but] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins*, 568 F.3d at 1067 (emphasis added); *see also Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (stating that "[p]lausibility requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action'"). Finally, the Court advises Ms. Chukwudebe that,

**United States District Court**
For the Northern District of California

1   if she amends her complaint to allege facts establishing that res judicata is not applicable, those

2   allegations must be made in good faith or she risks being sanctioned. *See* Fed. R. Civ. P. 11(b)-(c).

3                                    **III.    CONCLUSION**

4              For the foregoing reasons, the Court denies Ms. Chukwudebe's motion to continue and

5   grants Wells Fargo's motion to dismiss.  The dismissal is without prejudice, except to the extent her

6   claims are based on Wells Fargo's failure to comply with § 2923.5.  The claims based on failure to

7   comply with § 2923.5 are dismissed *with* prejudice.  Ms. Chukwudebe  (whether proceeding pro se

8   or represented by counsel) has until March 13, 2014, to file and serve an amended complaint to

9   address the deficiency identified above (*i.e.*, concerning res judicata).  If she does not file an

10  amended complaint by the above date, then the Clerk of the Court shall automatically dismiss with

11  prejudice the claim against Wells Fargo, leaving Ms. Chukwudebe with only her claims against the

12  remaining defendants.

13             The hearing on February 6, 2014, is vacated.

14             This order disposes of Docket No. 6.

15

16             IT SO ORDERED.

17

18  Dated:  January 6, 2014

19

20                                                   _____
                                                     EDWARD M. CHEN
21                                                   United States District Judge

22

23

24

25

26

27

28