UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY N. CHUKWUDEBE,<br><br>            Plaintiff,<br><br>     v.<br><br>PONSGRI LU, *et al.*,<br><br>            Defendants. | No. C-13-5466 EMC<br><br>**ORDER RE AMENDED COMPLAINT; AND SECOND ORDER TO SHOW CAUSE** |

Plaintiff Rosemary N. Chukwudebe initially filed suit against twenty-four different defendants. Wells Fargo filed a motion to dismiss which the Court granted, but with leave to amend. *See* Docket No. 12 (order). The AOE Defendants[1] also filed a motion to dismiss and, after Ms. Chukwudebe failed to file a response, the Court ordered Ms. Chukwudebe to show cause as to why the claims against the AOE Defendants should not be dismissed with prejudice.

On March 13, 2014, Ms. Chukwudebe filed an amended complaint (against all defendants) as well as a response to the order to show cause. *See* Docket Nos. 17-18 (response to order to show cause and amended complaint). In light of her filings, the Court rules as follows.

1.  In light of the amended complaint, the Court discharges its previous order to show cause. However, in so discharging, the Court expresses no opinion as to whether Ms. Chukwudebe

---

[1] The AOE Defendants are AOE Law & Associates, Inc.; Anthony O. Egbase; Onyinye Anyama; Chike Emenike; Victoria Orafa; Allan Wilcox; Keren Reyes; Marilyne Medawar; and Joanne Sanchez.

has asserted viable claims against any defendant, including but not limited to Wells Fargo and/or the AOE Defendants.

2. The Court temporarily stays this case such that no defendant has an obligation to respond to the amended complaint. The stay shall last pending the Court's decision as to whether it should retain subject matter jurisdiction over this case.

3. The Court hereby issues a new order to show cause. **More specifically, Ms. Chukwudebe is hereby ordered to show cause as to why this Court should retain subject matter jurisdiction over her case.** *See* **28 U.S.C. § 1367.** Her amended complaint no longer contains any federal cause of action. While the caption of the amended complaint does refer to "constitutional violations," the body of the complaint reflects that Ms. Chukwudebe's substantive claims are for wrongful foreclosure, professional malpractice, extrinsic fraud, fraud and conspiracy to defraud, conversion, quiet title, declaratory relief, and violation of California Business & Professions Code § 17200.[2] Ms. Chukwudebe shall file a response to this order to show cause no later than **April 10, 2014**. Any defendant who has appeared in this case may file a reply no later than **April 17, 2014**.

///
///
///
///
///
///
///
///
///

---

[2] A constitutional claim against defendants would also appear difficult to maintain in light of the fact that generally a private actor cannot be subject to liability under 42 U.S.C. § 1983 except under limited circumstances which are not alleged in the amended complaint. *See, e.g.*, *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (noting that, "[w]hile generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents'").

2

4. The Court advises Ms. Chukwudebe that, should this case continue before this Court, she has an obligation to serve the amended complaint on all defendants who have not yet made an appearance in this case (*i.e.*, all defendants except for Wells Fargo and the AOE Defendants). Federal Rules of Civil Procedure 4(m) specifies the time in which a complaint must be served.

IT SO ORDERED.

Dated: March 20, 2014

_____
EDWARD M. CHEN
United States District Judge

3