UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY N. CHUKWUDEBE, | No. C-13-5466 EMC |
| Plaintiff, | |
| v. | **ORDER RE DISMISSAL** |
| PONSGRI LU, *et al.*, | |
| Defendants. | |

Previously, the Court temporarily stayed the case at bar and ordered Plaintiff Rosemary N. Chukwudebe to show cause as to why this Court should retain subject matter jurisdiction over her case. *See* Docket No. 19 (Order at 2) (citing 28 U.S.C. § 1367). In her response to the order, Ms. Chukwudebe argued that there is diversity jurisdiction and submitted a second amended complaint ("SAC"), which alleges, *inter alia*, that there is such jurisdiction. *See* Docket Nos. 20-21 (SAC and response to OSC).

Ms. Chukwudebe was not permitted to file a SAC, both because of the Court's stay and Federal Rule of Civil Procedure 15, which allows only one amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)-(2). However, in the interest of justice, the Court shall consider the contents of the SAC to determine whether it does in fact have jurisdiction over the case.

///
///
///
///

1    The Court concludes that it does not.  Ms. Chukwudebe has not pled a federal cause of action
in her SAC.[1]  Thus, there is no federal question jurisdiction.  *See* 28 U.S.C. § 1332.  As to Ms.
Chukwudebe's assertion that there is diversity jurisdiction, that too is not supported by the very
allegations of her complaint.  Even if her damages were in excess of $75,000, diversity jurisdiction
requires complete diversity.  "Complete diversity means that each of the plaintiffs must be a citizen
of a different state than each of the defendants."  *Howard v. Farmers Ins. Co.*, No. CV 12-01068
DDP (JCx), 2014 U.S. Dist. LEXIS 50154, at *5 (C.D. Cal. Apr. 9, 2014).  Here, Ms. Chukwudebe
admits that she is a citizen of California.  *See* Docket No. 21 (Resp. at 2).  Even if some of the
named defendants are not citizens of California, others clearly are – *e.g.*, Christopher Pirrone, David
Pirrone, Steve Gohari, Bernard J. Maryanski, Anthony O. Egbase, Onyinye Anyama, Chike
Emenike, Victoria Orafa, and Allan Wilcox, each of whom Ms. Chukwudebe describes in her
complaint as a "California Lawyer."  SAC ¶¶ 7-8, 10, 15-16, 24-27.

   The only issue remaining, therefore, is whether the Court should retain or decline to exercise
supplemental jurisdiction.  Because there are no claims over which the Court has original
jurisdiction, the Court deems it appropriate to decline supplemental jurisdiction pursuant to 28
U.S.C. § 1367(c)(2)-(3) (providing that a court may decline to exercise supplemental jurisdiction
over a claim if "the claim substantially predominates over the claim or claims over which the district
court has original jurisdiction" or if "the district court has dismissed all claims over which it has
original jurisdiction").

   The Court therefore dismisses this case in its entirety.  Ms. Chukwudebe is advised that this
ruling does not bar her from filing suit in state court to obtain relief.  The Court further advises Ms.
Chukwudebe that, should she wish to pursue relief in state court, she should promptly take action or
her state court action may later be time barred.  *Cf. id.* § 1367(d) (providing that "[t]he period of
limitations for any claim asserted under subsection (a), and for any other claim in the same action
that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection

---

[1] While the caption of the SAC does refer to "constitutional violations," the body of the complaint reflects that Ms. Chukwudebe's substantive claims are for wrongful foreclosure, professional malpractice, extrinsic fraud, fraud and conspiracy to defraud, conversion, quiet title, declaratory relief, and violation of California Business & Professions Code § 17200.

1  (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless
2  State law provides for a longer tolling period").

3  The Clerk of the Court is instructed to enter judgment and close the file in the case in
4  accordance with this opinion.

6  IT SO ORDERED.

8  Dated: April 23, 2014

_____
EDWARD M. CHEN
United States District Judge